**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

August 16, 2005

## LETTER-OPINION & ORDER

Ethan N. Halberstadt
Halberstadt Curley LLC
1100 E. Hector Street
Suite 425
Conshohoicken, PA 19428

Julian W. Wells
Riker, Danzig, Scherer, Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962

      Re:    <u>S&S Crown Services, Ltd. et al. v. UBS Painewebber, Inc.
                    Civil Action No.: 04-CV-988 (JLL)</u>

Dear Counsel:

      This matter is before the Court on defendant's motion for reargument of this Court's Letter-Opinion & Order of February 28, 2005 denying defendant's motion to dismiss, on the grounds that the New Jersey Supreme Court recently overturned the case law upon which this Court therein relied. The motion is unopposed.

      On February 28, this Court held that New Jersey rather than Pennsylvania law applied to this action. Relying on <u>Banco Popular N. Am. v. Gandi</u>, 360 N.J. Super. 414, 423-24 (App. Div. 2003), and analogous Appellate Division cases, the Court held that New Jersey recognized the tort of so-called "creditor fraud," which is alleged in the Complaint, and that this State therefore had a stronger "governmental interest" in adjudicating this matter than did Pennsylvania, which does not recognize creditor fraud. As a result, the Court reasoned, New Jersey's six-year catch-all limitations period applied to these claims, not Pennsylvania's two-year period for comparable torts.

      On June 27, 2005, the New Jersey Supreme Court reversed <u>Banco Popular</u> in part and

wholly rejected the tort of creditor fraud.  Banco Popular N. Am. v. Gandi, 2005 N.J. LEXIS 808, at *15 (N.J. June 27, 2005).  The basis for this Court's holding, therefore, is no longer valid, and all three of the claims alleged in the Complaint appear to have been eviscerated.

Because defendant seeks relief on grounds sufficiently different from the choice-of-law and statute-of-limitations arguments raised in its previous motion, the Court treats the motion sub judice as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Cf. Benvenuto v. Conn. Gen. Life Ins. Co., 678 F. Supp. 469, 471 (D.N.J. 1988) (declining to apply requirements of L. Civ. R. 7.1(g) to motion to dismiss on the grounds that it was legally and factually distinct from prior motion).  Plaintiffs shall file an opposition by **August 26, 2005**, demonstrating why, in light of the State Supreme Court's June 27 decision, this case should not be dismissed in its entirety for failure to plead a cognizable cause of action within the applicable limitations period.  Defendant's reply, if any, is due September 2, 2005.

SO ORDERED.

/s/ Jose L. Linares
United States District Judge